**TEXAS DEPARTMENT OF CORRECTIONS, Appellant,**

v.

**Ruth WINTERS, et al., Appellees.**

**No. 09–87–235–CV.**

Court of Appeals of Texas, Beaumont.

Jan. 26, 1989.

David C. Payne, Huntsville, and Gabriel G. Ouintanilla, San Antonio, for appellant.

Sid S. Stover, Jasper, for appellees.

## OPINION

DIES, Chief Justice.

Plaintiffs below sued the Texas Department of Corrections, defendant below, for sending them a telegram advising them that their husband and father had died while an inmate at the Texas Department of Corrections when, in fact, he had not died. The court below entered judgment on the jury's verdict for plaintiffs, from which defendant Texas Department of Corrections perfects appeal to this court. The parties will be referred to as they were below.

Point of error one states: "The trial court erred in overruling defendant's motion for judgment non obstante veredicto because there was no evidence that plaintiff provided requisite notice that is mandated by Section 101.101 of the Civil Practice and Remedies Code."

The motion for judgment non obstante veredicto was only made after judgment had been entered by the court. Under *TEX.R.CIV.P. 93*, Defendant was required to verify its answer denying that notice of claim had not been given, which Defendant failed to do. *TEX.R.CIV.P. 93.* Absent verification such notice is presumed to have been given. *Id.* Also, *Section 101.101(c)* of the Civil Practice and Reme-

**532**

dies Code allows actual notice as a substitute for communicated notice. *TEX.CIV. PRAC. & REM.CODE ANN. sec. 101.101(c)* (Vernon 1986). The undisputed evidence shows defendant had almost immediate actual notice. At any rate, it requested no issue to the contrary, so the defense is waived. *TEX.R.CIV.P. 279.* This point is overruled.

Point of error two asserts: "The trial court erred in overruling Special Exception Number One, to the extent that the court held plaintiff's claim falls within the Texas Tort Claims Act."

The Act provides, in pertinent part, that "[a] governmental unit in the state is liable for: ... personal injury ... so caused by a ... use of tangible personal ... property...." *TEX.CIV.PRAC. & REM.CODE ANN. sec. 101.021(2)* (Vernon 1986). In its first special exception, defendant maintained that use of a "keyboard, computer terminal, the telephone used to order the telegram and the actual telegram" as alleged by plaintiffs was not a "use of tangible personal ... property" under the Act. We disagree. The machine used to transmit the message was certainly tangible personal property, and its misuse falls within the Act. *See Salcedo v. El Paso Hosp. Dist.*, 659 S.W.2d 30, 32 (Tex. 1983). This point is overruled. It becomes unnecessary to reach point of error three since it challenges plaintiffs' right to recover under *TEX.CIV.PRAC. & REM.CODE ANN. sec. 101.021(1)* (Vernon 1986).

Point of error four complains: "The trial court erred in overruling special exception number three to the extent that plaintiffs sought recovery for mental anguish."

Defendant's third special exception asserted that "[i]t is well-established that damages for mental anguish, unaccompanied by bodily injury, are recoverable only where there is proof of a willful tort, willful and wanton disregard, or gross negligence." Damages for negligent infliction of mental anguish are now recoverable without proof of physical manifestation. *St. Elizabeth Hosp. v. Garrard*, 730 S.W.2d 649, 650 (Tex.1987). This point of error is overruled.

Defendant's fifth and sixth points claim the trial court erred in allowing plaintiffs to allege gross negligence under the Tort Claims Act and "in denying defendant's fifth special exception wherein defendant involved sovereign immunity as a bar to allegations of gross negligence." Since gross negligence was not submitted to the jury, we overrule these points.

The judgment of the trial court is affirmed.