Opinion issued December 17, 2009


















In The
Court of Appeals
For The
First District of Texas
 

 
 
NO. 01-08-00959-CV
__________
 
FREDDIE LEE WALKER, Appellant
 
V.
 
BRAD LIVINGSTON, NATHANIEL QUARTERMAN, GARY GOMEZ,
LARRY LEFLORE, PAMELA WILLIAMS, BEVERLY STEWART, DOUG
WALDRON, J.P. GUYTON, AND RICHARD TRINCI, Appellees
 

 
 
On Appeal from the 412th District Court
Brazoria County, Texas
Trial Court Cause No. 44627
 

 
 
MEMORANDUM OPINION
          Appellant, Freddie Lee Walker, who is incarcerated and represents himself pro
se, challenges the trial court’s order dismissing his lawsuit against appellees, Brad
Livingston, Nathaniel Quarterman, Gary Gomez, Larry LeFlore, Pamela Williams,
Beverly Stewart, Doug Waldron, J.P. Guyton, and Richard Trinci, and other officials
with the Texas Department of Criminal Justice (“TDCJ”),


 for violating the Equal
Protection Clause of the United States Constitution


 by refusing to provide him a
certain inmate classification. In four issues, Walker contends that a Travis County
district court erred in transferring venue of the case from Travis County to Brazoria
County, the trial court “improperly dismissed the entire case and should have stayed
the remaining lawsuit,” the trial court abused its discretion in dismissing his case
under Chapter 14 of the Texas Civil Practice and Remedies Code,


 and the trial court
erred in denying his new trial motion.
          We affirm. 
Factual and Procedural Background
          In his petition, Walker sought to bring suit on behalf of himself and a number
of other “inmate/clients” who had been convicted of felonies and were “incarcerated
in Texas” and who had been denied “SAT-2 (G-1) Outside Trusty Status based upon
a double-standard determination” by appellees. Walker, asserting a “class action
complaint” and an “equal protection claim,” primarily complained that TDCJ officials
had incorrectly determined the appropriate classification for him and other
unidentified inmates. Walker stated in his petition that he “essentially argue[d] that
the statutory scheme create[d] a discriminatory classification that violate[d]” his and
other unidentified inmates’ “equal protection rights.”
          Appellees filed a motion to transfer venue of the case from Travis County to
Brazoria County and an answer generally denying Walker’s allegations. In their
motion, appellees asserted that Walker’s lawsuit involved his classification as an
inmate while incarcerated within a TDCJ facility located in Brazoria County and that
Walker’s “specific contention is that he is being denied promotion to a State
Approved Trusty Status Two (G-2)” due to the defendants’ actions. Appellees argued
that because Walker was “currently incarcerated in the Scott Unit, located in
Angleton, Brazoria County, Texas,” the court should transfer the case to Brazoria
County.
          Concluding that mandatory venue was in Brazoria County, the Travis County
district court granted appellees’ motion and transferred the case to Brazoria County. 
It also issued findings of fact and conclusions of law in support of its transfer order.
          Appellees then filed a motion and supplemental motion to dismiss Walker’s
lawsuit pursuant to Chapter 14. In their motions to dismiss, appellees argued that
Walker’s claims were frivolous and malicious and Walker had failed to exhaust his
administrative remedies under the grievance system, to file the statutorily required
affidavits relating to the exhaustion of administrative remedies and to his other
previous filings of lawsuits, and to file a statutorily required certified copy of his trust
account. See Tex. Civ. Prac. & Rem. Code Ann. § 14.003(a)(2)–(3) (providing that
trial court may dismiss claim if it finds that claim is frivolous or malicious and may
also dismiss claim if it finds that inmate filed affidavit or declaration required by
Chapter 14 that inmate knew was false), § 14.004 (providing that inmate who files
affidavit or declaration of inability to pay costs shall file affidavit or declaration
relating to previous filings); § 14.005 (providing that inmate who files claim subject
to grievance system shall file affidavit or declaration detailing handling of claim
through grievance system), § 14.006(f) (providing that inmate shall file certified copy
of inmate’s trust account statement with court). After conducting two hearings, the
trial court dismissed Walker’s lawsuit.
Venue
          In his first issue, Walker argues that the Travis County district court erred in
transferring venue of the case from Travis County to Brazoria County because venue
in Travis County was permissive and a transfer was not appropriate. 
          A party may file a motion to transfer venue on the basis that mandatory venue
of the action in another county is prescribed by statutory provisions. See Tex. R. Civ.
P. 86(3)(b). “If the plaintiff’s chosen venue rests on a permissive venue statute and
the defendant files a meritorious motion to transfer based on a mandatory venue
provision, the trial court must grant the motion.” Wichita County, Tex. v. Hart, 917
S.W.2d 779, 781 (Tex. 1996). 
          An action that has accrued while a plaintiff “was housed in a facility operated
by or under contract with the Texas Department of Criminal Justice shall be brought
in the county in which the facility is located.” Tex. Civ. Prac. & Rem. Code Ann.
§ 15.019(a) (Vernon 2002). The record before us establishes that Walker’s lawsuit
arises from his complaint about his classification status at a TDCJ facility located in
Brazoria County and, thus, that his where is his lawsuit accrued. Accordingly,
mandatory venue of the case was in Brazoria County. See id. We hold that the Travis
County district court did not err in transferring the case to Brazoria County under the
mandatory venue provision. See Johnson v. Davis, 178 S.W.3d 230, 237 (Tex.
App.—Houston [14th Dist.] 2005, pet. denied).
          We overrule Walker’s first issue.Dismissal
          In his second, third, and fourth issues, Walker argues that the trial court erred
in denying his new trial motion and in dismissing “the entire case” because the trial
court “should have stayed the remaining lawsuit” against certain TDCJ officials and
dismissal was improper under Chapter 14. In his fourth issue, Walker contends,
based upon the above arguments, that the trial court erred in denying his new trial
motion.
          Under Chapter 14, a trial court may dismiss an inmate suit brought in forma
pauperis, either before or after service of process, by finding that the suit is frivolous
or malicious. See Tex. Civ. Prac. & Rem. Code Ann. § 14.003(a)(2). In
determining whether a claim is frivolous or malicious, a trial court may consider
whether: (1) the claim’s realistic chance of ultimate success is slight; (2) the claim has
no arguable basis in law or in fact; (3) it is clear that the party cannot prove facts in
support of the claim; or (4) the claim is substantially similar to a previous claim filed
by the inmate because the claim arises from the same operative facts. Id. at §
14.003(b)(1)-(4). We generally review a trial court’s dismissal of an inmate’s suit
under Chapter 14 for abuse of discretion. See Thompson v. Tex. Dep’t of Crim.
Justice–Institutional Div., 33 S.W.3d 412, 414 (Tex. App.—Houston [1st Dist.] 2000,
pet. denied); Wilson v. TDCJ-ID, 268 S.W.3d 756, 758 (Tex. App.—Waco 2008, no
pet.).
          In his petition, Walker asserted that in 1986 he was sentenced to incarceration
for life for committing the offense of burglary. In 1990, while incarcerated for this
offense, he obtained the classification of a “SAT-2” and then ultimately the
classification of a “SAT-1.” Walker further asserted that although he was placed on
parole for his burglary offense in 1994, he “returned [to incarceration] as a parole
violator” in 1998 with an additional “five state jail felony offenses.” Walker noted
that his punishment was then assessed “at 5/12 years sentences ran concurrent.” 
Walker alleged that, during his present incarceration, in 2001, he again achieved the
classification of “SAT-2,” but, in 2003, he was “down-graded” to a “SAT-3” “for
“unclear reasons.” Walker alleged that “[a]s a result, . . . there are currently similarly
situated offenders with SAT-2 (G-1) status at the Wayne Scott unit, and throughout
the TDCJ-CID System that are serving sentences of life, ninety-nine, and fifty years
or more, that do not have confirmed parole dates.” 
          Liberally reading Walker’s petition, it appears that his complaint is that for
“unclear reasons” he was unfairly denied a “SAT-2” classification. However, he did
not provide any comprehensible argument as to how his classification is unfair when
compared to other inmates.
          Walker has cited no authority, in either his petition below or in his briefing to
this Court, to support his contention that he has suffered an equal protection violation
as a result of appellees’ refusal to grant him a “SAT-2” classification. Although
Walker purports to recite numerous TDCJ guidelines and policies regarding inmate
classification, he did not clearly explain how he has been denied equal treatment
under these guidelines. In fact, Walker frequently cites a purported guideline
regarding job assignments made based upon “an offender’s total record.” Thus, the
factual assertions made by Walker in his petition did not give rise to any
comprehensible equal protection violation. Additionally, in the prayer of his petition,
although Walker asked for a different classification, Walker also sought injunctive
relief to require the TDCJ to review the status of other, unidentified non-party
offenders who are serving sentences of “life, ninety-nine years, or fifty years” and
who are “housed at Trusty-Camps.” Inexplicably, Walker sought orders to
immediately “rehouse said offenders at a more secured area.” In sum, based upon the
claims asserted and the relief requested in his petition, the trial court could have
concluded that Walker’s lawsuit lacked any merit and was frivolous. See Tex. Civ.
Prac. & Rem. Code Ann. § 14.003. Accordingly, we hold that the trial court did not
abuse its discretion in dismissing Walker’s lawsuit under Chapter 14


 or in denying
Walker’s new trial motion.



          We overrule Walker’s second, third, and fourth issues.
          Conclusion
          We affirm the order of the trial court.
 
                                                                        Terry Jennings
                                                                        Justice

Panel consists of Justices Jennings, Higley, and Sharp.