NO. 07-08-00478-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

DECEMBER 14, 2010

_____

R. WAYNE JOHNSON, APPELLANT

v.

TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
WYLIE HEARN, APPELLEES

_____

FROM THE 223RD DISTRICT COURT OF GRAY COUNTY;

NO. 35376; HONORABLE LEE W. WATERS, JUDGE

_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant R. Wayne Johnson, acting *pro se*, appeals the trial court's dismissal of his civil suit against the Texas Department of Criminal Justice and Wylie Hearn.[1]  We will affirm.

_____

    [1] Johnson's original petition states he is incarcerated in the Clements Unit of the Texas Department of Criminal Justice, which we judicially notice is located in Potter County.  His petition describes Wylie Hearn as "unit warden."

Background

Johnson filed suit in the 233rd District Court of Gray County, asserting the defendants were violating Article I, Section 7 of the Texas Constitution[2] by maintaining chapels on state property, and violating his rights under Article I, Section 6 of the Texas Constitution[3] by holding chapel services on Sunday rather than on Saturday. Johnson's petition also complained that warden Hearn's permitting a Methodist to conduct worship services on Sunday rather than Saturday[4] constituted the promotion of false and "fraudulent" religion. His petition asked for injunctive relief to enjoin the defendant's "unconstitutional practices," and asked that Hearn individually be assessed $2.5 million in damages for fraud.

The trial court dismissed Johnson's suit by an order that cites both Chapter 11 and Chapter 14 of the Civil Practices and Remedies Code. As the trial court's order states, Johnson has been declared a vexatious litigant, and the 156th district court of Bee County entered a prefiling order requiring that he obtain permission of a local administrative judge before filing new litigation in a Texas court. *See* Tex. Civ. Prac. & Rem. Code Ann. § 11.101 *et seq.* (Vernon 2002); *In re R. Wayne Johnson*, No. 07-09-0035-CV, 2009 Tex. App. Lexis 6831, *4-5 (Tex.App.--Amarillo Aug. 27, 2009, orig. proceeding) (per curiam, mem. op.). The trial court's dismissal order found that Johnson

---

[2] Tex. Const. art. I, § 7.

[3] Tex. Const. art. I, § 6.

[4] Johnson's petition refers to Saturday as "his Sabbath" and asserts the position Saturday worship is required by Scripture.

had neither sought nor received permission from the local administrative judge to file his petition. *See* Tex. Civ. Prac. & Rem. Code Ann. § 11.103(a) (clerk may not file suit of vexatious litigant subject to prefiling order unless litigant obtains order from local administrative judge permitting filing).

The trial court's dismissal order also found that Johnson's claim had no arguable basis in law, citing section 14.003 of the Civil Practice and Remedies Code. Tex. Civ. Prac. & Rem. Code Ann. § 14.003 (Vernon 2009).

Johnson filed a notice of appeal from the trial court's dismissal order. After filing his brief in this Court, Johnson later filed a document asserting that the Bee County district court's prefiling order is void. We have considered that document as a supplement to Johnson's brief.

Analysis

We generally review a trial court's dismissal of an inmate's suit under Chapters 11 and 14 for abuse of discretion. *See Wilson v. Texas Dep't of Crim. Justice-Institutional Div.,* 268 S.W.3d 756, 758 (Tex. App.--Waco 2008, no pet.)*;Thompson v. Texas Dep't of Crim. Justice-Institutional Div.,* 33 S.W.3d 412, 414 (Tex. App.--Houston [1st Dist.] 2000, pet. denied) (Chapter 14); *Scott v. Tex. Dep't of Crim. Justice-Institutional Div.,* No. 13-07-00718-CV, 2008 Tex.App. LEXIS 8941, *5 (Tex.App.--Corpus Christi Nov. 20, 2008, no pet.) (Chapter 11). A trial court abuses its discretion if it acts in an arbitrary or unreasonable manner without reference to guiding rules or principles. *Garcia v. Martinez*, 988 S.W.2d 219, 222 (Tex. 1999). When reviewing

matters committed to the trial court's discretion, we may not substitute our own judgment for that of the trial court. *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992).

We will begin by addressing Johnson's contention the Bee County district court's prefiling order is void. He argues the order is void because it was obtained by Attorney General John Cornyn in litigation in the district court of Bee County, and the Attorney General by statute lacks authority to represent the State of Texas in district court. Johnson has made the same argument previously in this Court. *In re R. Wayne Johnson*, No. 07-07-0431-CV, 2009 Tex. App. LEXIS 5795 (Tex.App.--Amarillo July 27, 2009, orig. proceeding). We addressed and rejected the argument on that occasion, and reject it here for the same reasons.

Johnson's appellate brief asserts the trial court abused its discretion by entering its dismissal order.[5] His argument in support of the issue, however, also repeats contentions we have addressed previously. Johnson does not challenge the trial court's finding he failed to seek and obtain permission for the filing of his petition, but generally argues Chapter 11 of the Civil Practice and Remedies Code contravenes the United States Constitution and thus is made void by the Supremacy Clause. We previously have considered and rejected these same contentions by Johnson. *In re R. Wayne Johnson,* No. 07-09-0035-CV, 2009 Tex.App. LEXIS 6831 (Tex.App.--Amarillo Aug. 27, 2009, orig. proceeding); *In re R. Wayne Johnson,* No. 09-0008-CV, 2010 Tex.App. LEXIS 3584 (Tex.App.--Amarillo May 11, 2010, orig. proceeding); *In re R. Wayne*

---

[5] In places in his brief, Johnson seems to argue the trial court abused its discretion by failing to grant him permission to file his original petition. This argument is misdirected. Johnson did not ask the trial court, or the local administrative judge, for permission to file his petition.

4

*Johnson,* No. 07-07-0245-CV, 2008 Tex.App. LEXIS 5110 (Tex.App.--Amarillo July 9, 2008, orig. proceeding). We have examined his appellate brief and find nothing new in the contentions he presents in this appeal. We see nothing to be gained by reiterating here our previous holdings on challenges Johnson has brought against the constitutionality of Chapter 11, and we overrule his appellate issues for the reasons we have stated previously.

Except for one general reference to "state laws," which may include Chapter 14, Johnson's brief does not mention the trial court's finding his suit was properly dismissed under that chapter.[6] In any event, because we have overruled his challenges to application of chapter 11 in this case, further discussion of the application of chapter 14 is unnecessary to disposition of the appeal. Tex. R. App. P. 47.1.[7]

Accordingly, the trial court's dismissal order is affirmed.

James T. Campbell
Justice

---

[6] We note also that Johnson filed a sworn statement in the trial court asserting his indigence, but did not file the affidavit required by § 14.004, identifying other suits he has filed. Tex. Civ. Prac. & Rem. Code Ann. § 14.004 (Vernon 2009). His failure to do so provides another basis for the trial court's dismissal of his suit. *See Clark v. J.W. Estelle Unit,* 23 S.W.3d 420, 422 (Tex.App.—Houston [1st Dist.] 2001, pet. denied) (court may presume claim is substantially similar under § 14.003(b)(4) to previous claim filed by inmate in absence of affidavit describing previous claims).

[7] Johnson's brief contains also other conclusory statements, including assertions that the trial court's application of chapter 11 violates the separation of powers under the Texas Constitution and that the trial court's order constitutes a crime. We read these statements as additional arguments in support of Johnson's premise that the dismissal order is violative of the constitution. To any extent they are additional appellate issues, they are overruled.