

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-13-00082-CV

_____

CHEYENNE PATE, Appellant

V.

WARDEN DAWN GROUNDS, ET AL., Appellees

On Appeal from the 102nd District Court
Bowie County, Texas
Trial Court No. 13CO305-102

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

## MEMORANDUM OPINION

Litigious, indigent, pro se inmate Cheyenne Pate sued[1] prison-system personnel for multiple claims. Pate named as defendants Dawn Grounds, Kelley May, Frank G. Warner, Stephanie G. Deramcy, Yolanda Stephens, Frank Hoake, V. Barrow, and C. Dunbar, alleging that he was denied access to the courts by mail tampering, that funds were improperly removed from his trust account, that he was falsely accused of gang membership, and that he was improperly removed from the G.R.A.D. program.[2] After finding that Pate had failed to exhaust his administrative remedies and that the suit was frivolous, the trial court dismissed the suit. On appeal, Pate claims the trial court erred in finding Pate failed to exhaust his administrative remedies.

Because (1) Pate failed to exhaust his administrative remedies as to most named defendants, (2) Pate did not exhaust administrative remedies on his complaints against Warner, and (3) Pate's complaint concerning mail tampering alleged no cause of action, we affirm the trial court's dismissal of Pate's lawsuit.

An inmate action in which an affidavit of inability to pay costs is filed is governed by Chapter 14 of the Texas Civil Practice and Remedies Code. TEX. CIV. PRAC. & REM. CODE ANN.

---

[1]The petition must be filed within thirty-one days of receiving a final decision from the grievance system to avoid dismissal. TEX. CIV. PRAC. & REM. CODE ANN. § 14.005(b) (West 2002); *Smith v. Tex. Dep't of Crim. Justice-Institutional Div.*, 33 S.W.3d 338, 340 (Tex. App.—Texarkana 2000, pet. denied). Pate's petition was not filed with the district clerk within thirty-one days. The Texas Supreme Court, though, has held an inmate's legal documents are "deemed filed at the time the prison authorities duly receive the document to be mailed." *Warner v. Glass*, 135 S.W.3d 681, 684 (Tex. 2004); *see Ramos v. Richardson*, 228 S.W.3d 671, 674 (Tex. 2007). Pate included an affidavit providing the petition was placed in the prison mail system within thirty days of his receipt of the grievance decision. The prison officials do not challenge the timeliness of Pate's lawsuit.

[2]An offender who successfully completes the Gang Renunciation and Disassociation (G.R.A.D.) program is no longer considered a gang member by the Texas prison system.

§ 14.002(a) (West Supp. 2013). "Chapter Fourteen was designed to control the flood of frivolous lawsuits being filed in the courts of this State by prison inmates, consuming valuable judicial resources with little offsetting benefit." *Hickson v. Moya*, 926 S.W.2d 397, 399 (Tex. App.—Waco 1996, no writ). A Chapter 14 dismissal is reviewed for an abuse of discretion. *Brewer v. Simental*, 268 S.W.3d 763, 767 (Tex. App.—Waco 2008, no pet.); *Hickson*, 926 S.W.2d at 398. A trial court abuses its discretion when it acts without reference to any guiding rules and principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985). "When the trial court dismisses a claim without conducting a fact hearing, we are limited to reviewing whether the claim had an arguable basis in law." *Smith*, 33 S.W.3d at 340.

*(1)     Pate Failed To Exhaust His Administrative Remedies as to Most Named Defendants*

While Pate complains about many things in his underlying lawsuit, only two of those complaints—Pate's removal from the G.R.A.D. program and mail tampering—have accompanying grievance forms suggesting any effort to exhaust his administrative remedies as to those complaints.[3] Those two complaints implicate only three named defendants, Frank G. Warner, referenced regarding the G.R.A.D. program, and Stephanie G. Deramcy and Yolanda Stephens referenced regarding the mail-tampering claim. We address those three defendants

---

[3]Pate's original brief makes only a cursory reference to the G.R.A.D. program in the section of his brief where he recites facts; the argument section of Pate's original brief does not contain any reference to it. On the other hand, the issue is clearly raised in Pate's supplemental brief, which we granted leave to file by our ruling of August 27, 2013. *See* TEX. R. APP. P. 38.7; *Standard Fruit & Vegetable Co. v. Johnson*, 985 S.W.2d 62, 65 (Tex. 1998) ("Generally, a party must seek leave of court to file an amended or supplemental brief, and the appellate court has some discretion in deciding whether to allow the filing."). In its brief, the State did not respond to Pate's complaint about his removal from the G.R.A.D. program. Pate's reply brief attempts to raise additional issues, but new issues cannot be raised in a reply brief. *See, e.g*, *Ledig v. Duke Energy Corp.*, 193 S.W.3d 167, 177 n.8 (Tex. App.— Houston [1st Dist.] 2006, no pet.). We will not consider any issues raised for the first time in Pate's reply brief.

later in this opinion. As to the defendants other than those three, Pate has failed to exhaust his administrative remedies.

Chapter 14 requires the exhaustion of administrative remedies as a condition precedent to filing suit. *Brewer*, 268 S.W.3d at 768; *Smith*, 33 S.W.3d at 340. Section 14.005(a) requires an inmate to file "a copy of the written decision from the grievance system" and an affidavit or unsworn declaration stating the date the grievance was filed and the date a written decision was received. TEX. CIV. PRAC. & REM. CODE ANN. § 14.005(a)(2) (West 2002); TEX. GOV'T CODE ANN. § 501.008(d) (West 2012). When an inmate fails to exhaust his administrative remedies, a trial court does not abuse its discretion in dismissing the lawsuit. *Smith*, 33 S.W.3d at 340.

Because the record reflects the filing of only two relevant grievances, which arguably implicate only defendants Warner, Deramcy, and Stephens, we conclude that Pate failed to exhaust his administrative remedies on his complaints against the other defendants. Pate's claims against Grounds, May, Hoake, Barrow, and Dunbar were properly dismissed by the trial court.

*(2)     Pate Did Not Exhaust Administrative Remedies on His Complaints Against Warner*

In his supplemental brief, Pate complains about being removed from the G.R.A.D. program, a complaint he associates with Warner. The record contains a Step 1 and Step 2 grievance form naming Warner. This grievance complains that Warner has removed Pate from the G.R.A.D. program and makes a brief reference to mail tampering.

On appeal, Pate makes a number of complaints against Warner for tampering with the mail. "Section 1983 confers no substantive rights, but merely provides a remedy for the

4

violation of rights secured under the Constitution and laws of the United States." *Kirchberg v. Feenstra*, 708 F.2d 991, 1000 (5th Cir. 1983). The United States Constitution does not prohibit every prison inspection of prisoner mail. *Wolff v. McDonnell*, 418 U.S. 539, 576 (1974). There are potentially two rights infringed when someone interferes with an inmate's mail, the right of access to the courts and the right of free speech. *Brewer v. Wilkinson*, 3 F.3d 816, 820–21, 825–26 (5th Cir. 1993). Pate does not raise any free speech claim; he argues only that he has been denied access to the courts.

Pate's complaints have not been exhausted. Although Pate claims on appeal that a previous lawsuit had been dismissed due to the alleged mail tampering, this allegation was not made in the grievance. The only reference to mail tampering in the grievance was that the "S.T.G. department even denied one of my out-going letters that wasn't even security threat group related." In the action requested to resolve the complaint, Pate requests, "Also my mail stop being tampered with." A claim of denial of access to the courts requires an actual injury. *Ruiz v. United States*, 160 F.3d 273, 275 (5th Cir. [Tex.] 1998). Neither reference to mail tampering contains sufficient operative facts to give the prison officials notice that Warner had denied Pate access to the courts by causing an actual injury. *See Wilson v. Tex. Dep't of Criminal Justice–Inst. Div.*, 268 S.W.3d 756, 759 n.1 (Tex. App.—Waco 2008, no pet.); *Wolf v. Tex. Dep't of Crim. Justice*, 182 S.W.3d 449, 451 (Tex. App.—Texarkana 2006, pet. denied); *see Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004). Pate's administrative remedies have not been exhausted regarding his mail tampering complaints against Warner.

Pate also complains on appeal that Warner retaliated against him by removing him from the G.R.A.D. program. The Texas Supreme Court has adopted the Fifth Circuit's test for retaliation, which requires that an inmate establish: (1) a constitutional right, (2) the prison official intended to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation. *Inst. Div. of the Tex. Dep't of Crim. Justice v. Powell*, 318 S.W.3d 889, 892 (Tex. 2010).

Pate failed to allege sufficient facts in his grievances to give the prison officials notice of a retaliatory intent. An inmate's personal belief of retaliation is insufficient to meet the second requirement. *Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. [Tex.] 1999). In the absence of direct evidence of intent, an inmate must allege a chronology of events from which retaliation may reasonably be inferred. *Id*. Pate does not allege any such chronology. Pate claims Warner is retaliating because Pate has filed lawsuits and grievances against other officials. Pate alleges Warner's acts are "out of retaliation for other prison officials due to my litigation" or are retaliation on behalf of "SAFE Prison officials" due to "numerous grievances and lawsuits." Pate does not allege any of those lawsuits or grievances were against Warner. An allegation of grievances and litigation against other prison officials is not sufficient to permit an inference that Warner had a retaliatory intent. Because Pate's grievance failed to provide prison officials with adequate notice of retaliatory intent, Pate failed to exhaust his retaliation claim.

Neither claim against Warner has been exhausted. Pate failed to file a grievance describing an actual injury from mail tampering and failed to provide adequate notice of

6

retaliatory intent to support a claim of retaliation. The trial court did not err in dismissing the complaints against Warner.

*(3)     Pate's Complaint Concerning Mail Tampering Alleged No Cause of Action*

Pate's principal argument on appeal is on the subject of alleged mail tampering.

The record contains a grievance referencing Demarcy and "Ms. Stephenson." We will assume, without deciding, that this grievance was against defendant Stephens.[4]

Pate's "Step 1" grievance does not contain sufficient operative facts regarding mail tampering to give rise to a claim of denial of access to the courts. At best, Pate's "Step 1" grievance alleges malfeasance by the prison mailroom without any actual injury. In order to establish a denial of access to courts, the malfeasance by prison officials must result in some prejudice or injury to the inmate. *See Lewis v. Casey*, 518 U.S. 343, 351 (1996) (actual injury not established by establishing prison facility "subpar in some theoretical sense"); *Walker v. Navarro County Jail*, 4 F.3d 410, 413 (5th Cir. 1993) (inmate "must allege that his position as a litigant was prejudiced by the mail tampering."). The "Step 1" grievance does not allege any injury from the delayed mail. Although Pate's "Step 2" grievance does allege the mail delay "played a part in one of my suits being dismissed," all operative facts must be contained in both "Step 1" and "Step 2" grievances. New operative facts cannot be introduced at the "Step 2" grievance stage. To exhaust the grievance procedure, both steps must cover the same issue and the same operative facts. *See Wilson*, 268 S.W.3d at 759 n.1; *Wolf*, 182 S.W.3d at 451; *see*

---

[4]Pate argues there isn't any chance of confusion because only one person named Yolanda works in the mailroom; but Pate's argument overlooks the absence from his grievance of any hint that its reference to "Ms. Stephenson" identifies Yolanda Stephens. It is not necessary, however, for us to decide whether that reference was sufficient notice to the prison that Pate was complaining about the actions of Yolanda Stephens.

*Johnson*, 385 F.3d at 515.  The "Step 1" grievance fails to contain sufficient operative facts for the prison officials to have notice of a denial of access to courts claim.

Because the trial court did not abuse its discretion in dismissing Pate's claims, we affirm.


Josh R. Morriss, III
Chief Justice

Date Submitted:      October 8, 2013
Date Decided:        November 27, 2013