**Curtis Ray WOLF, Appellant,**

v.

**TEXAS DEPARTMENT OF CRIMINAL JUSTICE, INSTITUTIONAL DIVISION, et al., Appellees.**

No. 06–05–00073–CV.

Court of Appeals of Texas, Texarkana.

Submitted Nov. 28, 2005.

Decided Jan. 6, 2006.

Curtis Ray Wolf, New Boston, pro se.

Before MORRISS, C.J., ROSS and CARTER, JJ.

## OPINION

Opinion by Justice ROSS.

Curtis Ray Wolf appeals from a judgment dismissing his lawsuit with prejudice. While an inmate at the Barry Telford Unit of the Texas Department of Criminal Justice—Institutional Division (TDCJ), Wolf was in a TDCJ bus that was involved in an accident April 4, 2003. He brought Step One and Step Two grievances. In the Step One grievance, he complained that he was injured and that, although he complained to medical staff that he was in continuing pain, he was still assigned "to the hoe squad in violation of my injuries capability." In the Step Two grievance appeal, Wolf complained that TDCJ had merely sent a boilerplate response. He also set out the injuries he believed he had sustained, stated he was in continuous pain, and complained that the attending doctor was not properly medicating him.

On August 21, 2003, a final administrative decision was rendered. That decision stated that Wolf's assignment was appropriate, that his medical concerns had been reviewed, and explained how to seek additional review if he believed his medical problems were not being properly assessed.

Wolf filed his lawsuit April 4, 2005. The lawsuit is a claim for damages based on injuries caused by the bus accident. On May 10, 2005, the trial court dismissed the lawsuit with prejudice because Wolf did not comply with TEX. CIV. PRAC. & REM.CODE ANN. § 14.005 (Vernon 2002) and the procedural requirements for pursuing grievances as set out by the TDCJ. The court further stated that Wolf failed to file his initial grievance within fifteen days of the incident or occurrence stated as the basis for the lawsuit and that the grievance did not address any acts or omissions in regard to the bus accident as alleged in his lawsuit.

An inmate may not file a claim in state court regarding operative facts for which the TDCJ grievance system provides the exclusive administrative remedy (which is, by statute, virtually all complaints) until the inmate receives a written decision issued by the highest authority provided for in the grievance system, or the 180th day after the date the grievance is filed, if the inmate has not received a written decision. TEX. GOV'T CODE ANN. § 501.008(d) (Vernon 2004). An inmate who files a claim that is also subject to the grievance system must file an affidavit stating the date a grievance was filed and the date a written decision was received, along with a copy of the written decision. TEX. CIV. PRAC. & REM.CODE ANN. § 14.005(a). If the inmate fails to file a claim within thirty-one days of receiving a final decision from the grievance system, the trial court must dismiss the suit. TEX. CIV. PRAC. & REM.CODE ANN. § 14.005(b); *Smith v. Tex. Dep't of Criminal Justice—Institutional Div.*, 33 S.W.3d 338, 340 (Tex. App.-Texarkana 2000, pet. denied).

The statute directs the department to develop and maintain a system for resolving grievances. In so doing, the TDCJ created an "Offender Orientation Handbook," setting out time frames in which grievances must be brought. The Step One grievance form must be completed and forwarded to the Unit Grievance Investigator within fifteen days of the date of the incident on which it is based. TEX. DEP'T OF CRIM. JUSTICE, OFFENDER ORIENTATION HANDBOOK, p. 52 (Nov.2004),[1] *available*

---

1. The relevant section was added through an administrative directive effective August 1, 2002, before the date of the incident in this case. TEX. DEP'T OF CRIM. JUSTICE, ADMINISTRATIVE DIRECTIVE, AD–03.82 (3d rev.Aug.1, 2002).

*at* http: www.tdcj.state.tx.us/publications/cid/OffendOrientHbkNov04.pdf.

In this case, the incident occurred April 4, 2003. The Step One grievance was due fifteen days later. The document was signed by Wolf and dated by him May 31, 2003, and marked received by the office June 4, 2003. Under any formulation, it was not timely. Nevertheless, it is clear the TDCJ officials reviewed the grievance and made a determination on the merits of the claim, not on a procedural shortfall, and the form itself indicates it was received before the due date, which the form sets out as being July 14, 2003.

Even assuming Wolf adequately complied with the administrative procedures to the point of reaching the final administrative decision required, other problems with this proceeding are apparent.

First, the grievance itself is not couched in terms of a claim of injuries seeking damages. Wolf complains he was hurt in the wreck, but the only relief he sought was additional pain medication, more medical attention, and ultimately to get off the hoe squad. Wolf's grievance does not address the issues he brought in his civil petition, and we cannot say he either sought or received a final administrative decision on those issues.

Second, even assuming the decision did stretch so far as to cover a personal injury claim, the inmate is required to file an affidavit informing the court of the date on which he received the final decision of the administrative proceeding. If the lawsuit is not filed within thirty-one days of receipt of the final decision, the trial court is required to dismiss the claim. *See Moore v. Zeller*, 153 S.W.3d 262, 264 (Tex.App.-Beaumont 2004, pet. denied).

In this case, Wolf did not file the affidavit/declaration required by statute. Thus, he did not provide the trial court with the information required so it could determine whether the lawsuit was timely filed. However, judging from the fact that the administrative decision and interoffice communications attached were prepared and filed nearly two years earlier (August 21, 2003), and in the complete absence of any complaint or indication from Wolf that he did not receive it in a timely manner, it is entirely reasonable for the trial court to conclude that over thirty-one days had elapsed since Wolf was informed of the administrative decision.

Accordingly, we hold the trial court did not abuse its discretion in dismissing Wolf's suit for his having failed to comply with the requirements of Chapter 14 as discussed above. Wolf's issues are overruled.

We affirm the trial court's order of dismissal.