In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-05-350 CV


____________________



BRUCE WAYNE HOUSER, Appellant



V.



DEBRA M. HARRELL, KEITH CLENDENNEN, ET AL
, Appellees






On Appeal from the 60th District Court


Jefferson County, Texas


Trial Cause No. B-174327







MEMORANDUM OPINION

 Bruce Wayne Houser, an inmate at the Texas Department of Criminal Justice--
Institutional Division, appeals the trial court's order dismissing with prejudice his lawsuit
under Chapter 14 of the Civil Practice and Remedies Code. See Tex. Civ. Prac. & Rem.
Code Ann. §§ 14.001-14.014 (Vernon 2002). He claims defendant prison officials denied
him access to the courts by improperly handling his grievances. We affirm the trial court's
dismissal order as modified.

 We review a Chapter 14 dismissal under an abuse of discretion standard. Moore v.
Zeller, 153 S.W.3d 262, 263 (Tex. App.--Beaumont 2004, pet. denied). To establish an
abuse of discretion, an appellant must show the trial court acted arbitrarily or unreasonably
in light of the circumstances. Jackson v. Tex. Dep't of Crim. Justice-Inst'l Div., 28 S.W.3d
811, 813 (Tex. App.--Corpus Christi 2000, pet. denied). 

 Houser presents twenty "issues" for our review. Many of the issues presented are not
"concisely" stated as required by Tex. R. App. P. 38.1(e) and fail to contain "clear and
concise" supporting arguments as required by Tex. R. App. P. 38.1(h). We understand
Houser to essentially argue that the trial court erred in dismissing his suit because his claims
are arguable in law and fact, and he complied with all procedural requirements. He argues
the trial court erred in dismissing his case "with prejudice." (1) 

 Chapter 14 applies to inmate suits in which the inmate files an affidavit or unsworn
declaration of inability to pay costs. Tex. Civ. Prac. & Rem. Code Ann. § 14.002(a),(b). 
Section 14.003 allows a court to dismiss an inmate claim if it determines the claim is
frivolous or malicious. Id. § 14.003(a)(2). One court has reasoned that the trial courts are
given broad discretion in deciding if dismissal is appropriate because "(1) prisoners have a
strong incentive to litigate; (2) the government bears the cost of an in forma pauperis suit;
(3) sanctions are not effective; and (4) the dismissal of unmeritorious claims accrue to the
benefit of state officials, courts, and meritorious claimants." Montana v. Patterson, 894
S.W.2d 812, 814-15 (Tex. App.--Tyler 1994, no writ). A claim has no arguable basis if an
inmate fails to exhaust his administrative remedies. Pedraza v. Tibbs, 826 S.W.2d 695, 699
(Tex. App.--Houston [1st Dist.] 1992, writ dism'd w.o.j.). 

 The Texas Department of Criminal Justice must develop and maintain a system for
grievance resolution. (2) See Tex. Gov't Code Ann. § 501.008(a) (Vernon 2004). An inmate
may not file a claim in state court regarding operative facts for which the TDCJ grievance
system provides the exclusive administrative remedy (a) until the inmate receives a written
decision issued by the highest authority provided for in the grievance system, or (b) until the
180th day after the date the grievance is filed, if the inmate has not received a written
decision. Tex. Gov't Code Ann. § 501.008(d) (Vernon 2004). An inmate who files a
lawsuit under Chapter 14 must file an affidavit or unsworn declaration stating the date the
grievance was filed and the date the written decision was received; he also must file with the
court a copy of that written decision. Tex. Civ. Prac. & Rem. Code Ann. § 14.005(a). If
the inmate fails to file suit within thirty-one days of receiving a final decision from the
grievance system, the trial court shall dismiss the suit. Id. § 14.005(b). If the suit is filed
prior to the completion of the grievance procedure, the trial court shall stay the proceeding
for a period not to exceed 180 days to allow for completion of the grievance process. Id. §
14.005(c).

 In essence, section 14.005 allows the trial court to ensure that an inmate proceeding
in forma pauperis has first exhausted an applicable grievance procedure. See Smith v. Tex.
Dep't of Crim. Justice-Inst'l Div., 33 S.W.3d 338, 341 (Tex. App.--Texarkana 2000, pet.
denied). Though not expressly stated, the purpose of section 14.005 is to permit dismissal
of a suit when it is clear the inmate has failed to provide the statutorily required information. 
Id. The trial court should dismiss a claim if the inmate does not exhaust the grievance
procedures and fails to fulfill the procedural requirements prior to filing the lawsuit. Id. 

 Houser's petition alleged the defendants committed unlawful acts denying him access
to the courts, failed to return his grievances, failed to investigate and collect evidence to
substantiate his claims, and retaliated against him for filing grievances. Houser does not
plead with specificity the facts underlying his suit or his grievances. His only specific
allegation involves the defendants' handling of Grievance #2005049810. He asserts he
submitted a Step 1 grievance form but never received a response. He alleges he then
submitted a Step 2 grievance, stating he had not received a response to his Step 1 grievance. 
His Step 2 grievance was returned with the response that the Step 2 grievance could not be
processed without an attached Step 1 grievance answer. Houser argues this demonstrates the
defendants have illegally denied him access to the courts. Houser asserts he proceeded to the
grievance process's highest authority, and the written response to this Step 2 grievance was
the "written decision" required for exhaustion-of-remedies purposes under section
501.008(d). 

 The grievance committee's response, however, was not a substantive written decision. 
Instead, the response served as notice to Houser of a procedural requirement. If Houser
exhausted his remedies under the grievance procedure and yet did not receive a "written
decision" by the highest authority provided for in the grievance procedure, he must show he
waited at least 180 days after filing his grievance before he filed suit. See Tex. Gov't Code
Ann. § 501.008(d)(2). Houser has not provided such proof. 

 Houser seeks recovery for an unspecified amount of monetary damages under the
United States and Texas Constitutions, the laws of the United States and Texas, the Texas
Government Code, and the Texas Tort Claims Act. Houser filed an unsworn declaration with
his petition declaring his inability to pay costs. Although he alleged dates in his petition, we
do not find a separate unsworn declaration filed with his petition stating the dates his
grievances were filed or the date a written decision was received. He also did not file with
the court a copy of a written decision as required by Tex. Civ. Prac. & Rem. Code §
14.005(a). 

 In his brief, Houser lists several grievance numbers, representing various grievances
he maintains he filed. Houser says he has not received responses to those grievances. 
However, he failed to provide the trial court copies of all of the grievances or any proof of
all of the submission dates for the grievances as required by Tex. Civ. Prac. & Rem. Code
§ 14.005(a). Because the record does not establish Houser complied with Chapter 14, we do
not see an abuse of discretion in dismissing the suit. 

 A dismissal for failure to show compliance with certain conditions required by 
section 14.005(a) is not a decision on the merits, but instead an exercise of the trial court's
discretion under Chapter 14. See Crain v. Prasifka, 97 S.W.3d 867, 870 (Tex. App.--Corpus
Christi 2003, pet. denied). We therefore modify the trial court's dismissal order to reflect the
dismissal is without prejudice. The trial court's order is affirmed as modified. 

 AFFIRMED AS MODIFIED.

 _________________________________

 DAVID GAULTNEY

 Justice


Submitted on July 14, 2006

Opinion Delivered October 5, 2006 


Before Gaultney, Kreger and Horton, JJ.











 
1. Houser points out that the district court clerk failed to include the exhibits to his
original petition in the clerk's record on appeal. Upon this Court's request, the district
clerk has filed a supplemental clerk's record including the exhibits. See Tex. R. App. P.
34.5(c).
2. To comply with this directive, TDCJ published an "Offender Orientation
Handbook," providing specific grievance procedures for offenders. TEX. DEP'T OF
CRIM. JUSTICE, OFFENDER ORIENTATION HANDBOOK (Nov. 2004). See TEX.
DEP'T OF CRIM. JUSTICE, ADMINISTRATIVE DIRECTIVE, AD-03.82 (3d rev.
Aug. 1, 2002); see also Wolf v. Tex. Dep't of Crim. Justice-Inst'l Div., 182 S.W.3d 449,
450-51 (Tex. App.--Texarkana 2006, pet. denied). Section VI of the Handbook, entitled
"Grievance Procedures for Offenders," states an offender has fifteen days from the date
of the incident complained of to complete a Step 1 grievance form (I-127). OFFENDER
ORIENTATION HANDBOOK, at 52. The Step 1 process may take up to forty days from
the date the unit grievance office receives the form. Id. To appeal a Step 1 decision, an
offender must file a Step 2 form (I-128) with the grievance investigator on the unit within
fifteen days from the date of the Warden's signature on the Step 1 form. Id.