

# IN THE
# TENTH COURT OF APPEALS

## No. 10-08-00378-CV

**MICHAEL WILLIAMS,**

                                                                        **Appellant**

 **v.**

**JENNIFER D. BALLARD,**

                                                                        **Appellee**

**From the 414th District Court**
**McLennan County, Texas**
**Trial Court No. 2007-4587-5**

## MEMORANDUM OPINION

Michael Williams appeals the trial court's dismissal of his proceeding finding that it was frivolous because it did not comply with Chapter 14 of the Texas Civil Practice and Remedies Code.  TEX. CIV. PRAC. & REM. CODE ANN. §§ 14.001 *et. seq.* (Vernon 2002).  Williams complains that the trial court erred in denying his motion for leave to amend his petition and in granting the motion to dismiss with prejudice. Because we find that the trial court did not abuse its discretion in dismissing this proceeding with prejudice pursuant to Chapter 14.003 of the Texas Civil Practice and Remedies Code, we affirm the judgment of the trial court.

*Standard of Review*

We review the trial court's dismissal of an *in forma pauperis* suit filed by an inmate under an abuse of discretion standard. *Hickson v. Moya*, 926 S.W.2d 397, 398 (Tex. App.—Waco 1996, no writ). A trial court abuses its discretion if it acts arbitrarily and without reference to any guiding rules or principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985). Where, as here, the order of dismissal does not state the specific grounds on which it was granted, Williams must show that each of the independent arguments alleged in the motion to dismiss are insufficient to support the order. *Wallace v. Texas Dep't of Criminal Justice*, 36 S.W.3d 607, 610 (Tex. App.—Houston [1st Dist.] 2000, pet. denied). *See Britton v. Tex. Dep't of Criminal Justice*, 95 S.W.3d 676, 681 (Tex. App.—Houston [1st Dist.] 2002, no pet.).

In Ballard's motion to dismiss, in addition to Williams's failure to comply with Section 14.004, Ballard avers that the claim filed by Williams has no arguable basis in law. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(b)(2) (Vernon 2002). A claim has no arguable basis in law if the inmate has failed to exhaust his administrative remedies. *Retzlaff v. Tex. Dep't of Criminal Justice*, 94 S.W.3d 650, 653 (Tex. App.—Houston [14th Dist.] 2002, pet. denied). If an inmate fails to exhaust his administrative remedies, we may affirm a dismissal even if the ground was not presented in a motion to dismiss. TEX. CIV. PRAC. & REM. CODE ANN. § 14.005; *Retzlaff*, 94 S.W.3d at 653.

TDCJ disciplinary decisions are subject to the grievance procedure as are inmate complaints about TDCJ employee actions. *See Leachman v. Dretke*, 261 S.W.3d 297, 308 (Tex. App.—Fort Worth 2008, no pet.) (*citing Comeaux v. Tex. Dep't of Criminal Justice*,

193 S.W.3d 83, 84 (Tex. App.—Houston [1st Dist.] 2006, pet. denied)); *Birdo v. Schwartzer*, 883 S.W.2d 386, 388 (Tex. App.—Waco 1994, no writ); *see also Wolf v. Tex. Dep't of Criminal Justice, Inst. Div.*, 182 S.W.3d 449, 450 (Tex. App.—Texarkana 2006, pet. denied) (stating that the actions of a TDCJ employee are grievable). Therefore, with regard to these additional claims, Williams had to exhaust his remedies through the grievance process before he could seek judicial review. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.005(a); TEX. GOV'T CODE ANN. § 501.008(d) (Vernon 2004).

Williams did not address the same issues through the grievance process that he did in the petition he filed with the trial court. The grievance that Williams filed, and ultimately prevailed upon, requested the reimbursement of $8.20 that had been garnished from his trust account because it was believed he had stolen a book of stamps. However, this petition requests damages from Ballard in the total amount of $10,000.00 for "the punishment and the emotional injury resulting from the Defendant's denial of the due process in connection with the Plaintiff's Disciplinary Procedure." He additionally requests another $21,000.00 in punitive damages.

Because Williams failed to exhaust these remedies, this was an appropriate ground upon which the trial court could dismiss his claims for a lack of an arguable basis in law. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(a); *Retzlaff*, 94 S.W.3d at 653. Further, a motion to dismiss that is granted pursuant to Section 14.003 for failure to establish an arguable basis in law in these circumstances is appropriately dismissed with prejudice because it is not an issue that can be remedied by amended pleadings. Williams had a fifteen day deadline in which to file these claims, which he did not do.

*Wolf*, 182 S.W.3d at 450-51; *See Nabelek v. Dist. Att'y of Harris County*, 290 S.W.3d 222, 233 (Tex. App.—Houston [14th Dist.] 2005, pet. denied) (dismissing claims with prejudice where inmate could not remedy the errors that resulted in the dismissal of his suit). Therefore, it was not an abuse of discretion for the trial court to dismiss these claims with prejudice. We overrule Williams's issues one, two, and three.

*Conclusion*

We find that the trial court did not abuse its discretion in dismissing Williams's suit with prejudice. Therefore, we affirm the judgment of the trial court.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
    Justice Reyna, and
    Justice Davis
Affirmed
Opinion delivered and filed December 2, 2009
[CV06]