IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-08-00173-CV

 

Maurice Mitchell,

                                                                                    Appellant

 v.

 

Doug Dretke, et al,

                                                                                    Appellee

 

 

 



From the 278th District
Court

Walker County, Texas

Trial Court No. 23,349

 



MEMORANDUM  Opinion



 








            Appellant Maurice Mitchell,
a state prison inmate, sued the Texas Department of Criminal Justice,
Institutional Division and several TDCJ officials and employees (Doug Dretke,
director of TDJC’s Institutional Division; Harman Weston, Jr., an assistant
warden; and prison officers Dorthy Johnican and Angela Henderson) under the
Texas Tort Claims Act for the loss and destruction of Mitchell’s personal
property.  The trial court dismissed Mitchell’s suit as frivolous.  Mitchell
now appeals.  We will affirm.

            Mitchell’s petition alleges
that, on June 15, 2005, while he was leaving the TDCJ’s Darrington Unit to be
transferred to the Ellis Unit, Johnican, whom Mitchell had had conflicts with
and had filed grievances against, along with fellow officer Henderson, taunted
Mitchell.  Johnican called him a “smart ass nigger” and told him she would go
to the property room and make sure Mitchell did not get his property.  Mitchell
sat on the ground in protest and demanded that ranking officials come to the
scene.  Weston and others arrived, and Mitchell complained to Weston that
Johnican was going to retaliate against him by taking his property because he
had filed grievances against her.  As Johnican carried away Mitchell’s
property, Weston promised Mitchell that he would make sure Mitchell got all of
his property.

When Mitchell’s property arrived at the
Ellis Unit and he received it on July 14, 2005, Mitchell’s typewriter had been
broken and rendered unusable, and his bag of commissary items and supplies and his
fan were missing.  Also missing was Mitchell’s personal photo album with over
275 family photos.  Mitchell alleges that Johnican, with Henderson’s help, took
or destroyed his property, and that Weston negligently trained or supervised
them.  Dretke is apparently only named as a nominal defendant because he was
the director of TDJC’s Institutional Division.

            Mitchell’s Step 1 grievance
was received on July 19, and, dissatisfied with the response, he filed a Step 2
Grievance in October.  The grievance response is dated November 2, 2005. 
Mitchell filed suit on February 6, 2009, and the trial court dismissed it as
frivolous.  Mitchell presents four issues on appeal:  (1) whether the trial
court abused its discretion in denying Mitchell’s motion for default judgment,
which occurred before the dismissal; (2) whether the trial court abused its
discretion in dismissing Mitchell’s suit because notice of Chapter 14 was not
posted in the prison; (3) whether the trial court abused its discretion in
dismissing Mitchell’s suit with prejudice; and (4) whether Mitchell has a right
to re-file his suit if his suit should have been dismissed without prejudice.

Generally, the dismissal of inmate
litigation under Chapter 14 is reviewed for abuse of discretion.  Brewer v.
Simental, 268 S.W.3d 763, 767 (Tex. App.—Waco 2008, no pet.).  A prison
inmate who files suit in a Texas state court pro se and who seeks to proceed in
forma pauperis must comply with the procedural requirements set forth in
Chapter 14 of the Civil Practice and Remedies Code.  Id. (citing Tex. Civ. Prac. & Rem. Code Ann.
§§ 14.002(a), 14.004, 14.005 (Vernon 2002)).  Failure to fulfill those
procedural requirements will result in dismissal of an inmate’s suit.  Id.

            Subsection 14.005(a)
mandates that an inmate who files a claim subject to the TDCJ grievance system
file an affidavit or unsworn declaration stating the date that his grievance
was filed and the date that he received the written grievance decision.  Id.
at 768 (citing Tex. Civ. Prac. &
Rem. Code Ann. § 14.005(a)(1)).  The section also mandates the filing of
a copy of the written grievance decision.  Id. (citing Tex. Civ. Prac. & Rem. Code Ann. §
14.005(a)(2)).  If an inmate does not strictly comply with subsection
14.005(a), a trial court does not abuse its discretion in dismissing the
claim.  Id.

Mitchell adequately pleaded that he had
exhausted his administrative remedies through the prison grievance system.  He
also pleaded, and the Step 2 grievance shows, that the response was dated November
2, 2007.  “A court shall dismiss a claim if the inmate fails to file the claim
before the 31st day after the date the inmate receives the written decision
from the grievance system.”  Tex. Civ.
Prac. & Rem. Code Ann. § 14.005(b).  Mitchell’s suit was filed approximately
ninety days later.  It was thus untimely under subsection 14.005(b), and the
trial court properly dismissed the suit.[1] 
See id.; Wolf v. Texas Dep’t Crim. Just., Inst. Div., 182 S.W.3d
449, 451 (Tex. App.—Texarkana 2006, pet. denied); see also Walp v. Hunter,
No. 10-03-00019-CV, 2004 WL 444695 (Tex. App.—Waco Mar. 10, 2004, no pet.)
(mem. op.).  And because Mitchell cannot cure his untimely filing of suit,
dismissal with prejudice was not error.  See, e.g., Wolf, 182 S.W.3d at
450-51.

We overrule issues two, three, four, and
given our disposition, we need not address issue one.  Tex. R. App. P. 47.1.

 

The trial court’s dismissal order is
affirmed.

 

 

REX D. DAVIS

Justice

            

Before
Chief Justice Gray,

Justice Reyna, and

Justice Davis

Affirmed

Opinion
delivered and filed September 15, 2010

[CV06]

 









[1]
Section 14.004 requires an inmate
proceeding in forma pauperis to file an affidavit or unsworn declaration
that specifically identifies all other pro se lawsuits brought by the inmate.  Tex. Civ. Prac. & Rem. Code Ann. §
14.004.  A trial court may dismiss an inmate’s claim as frivolous when the
inmate fails to file such an affidavit or unsworn declaration.  See Thomas
v. Skinner, 54 S.W.3d 845, 847 (Tex. App.—Corpus Christi 2001, pet.
denied).  Mitchell
filed his affidavit of previous filings three weeks after the trial court had
dismissed his suit.

 

For the first time on appeal, Mitchell
claims that he had no notice of section 14.004 and that the prison units he had
been in had failed to post notice of it when it was enacted and until February
1, 2000, when he was released from Ad-Seg.  Chapter 14’s enacting legislation
in 1995 required TDCJ to “post
notice of the provisions of this Act
in each law library
maintained by the department or under contract with the department.”  See
Act of May 19, 1995, 74th Leg., R.S., ch. 378, § 9, 1995 Tex. Gen. Laws 2921,
2926-27.  Mitchell claims that he was unaware of section 14.004 until the
Attorney General’s office filed an amicus curiae motion to dismiss.  However,
Mitchell apparently was aware that, under Chapter 14, he was required to plead
his exhaustion of the prison grievance system, and he does not explain how he
was aware of section 14.005 but not section 14.004 or why he was unable to
learn of section 14.004’s existence after he was released from Ad-Seg in 2000. 
Regardless, pro se litigants are presumed to know the law and are charged with
constructive knowledge of the law, irrespective of Chapter 14’s enacting
legislation’s posting provision in 1995.  See Walp v. Hunter, No.
10-03-00019-CV, 2004 WL 444695, at *2 (Tex. App.—Waco Mar. 10, 2004, no pet.)
(mem. op.).  In any event, because this lack-of-notice claim is being raised
for the first time on appeal, Mitchell has not preserved it for appellate
review.  See, e.g., Wilson v. TDCJ-ID, 268 S.W.3d 756, 762 (Tex. App.—Waco
2008, no pet.).  Finally, because Mitchell failed to timely file suit under
section 14.005 and dismissal was proper on that basis alone, the alleged
failure to post notice is harmless.