

# IN THE
# TENTH COURT OF APPEALS

### No. 10-08-00173-CV

**MAURICE MITCHELL,**

**Appellant**

 **v.**

**DOUG DRETKE, ET AL,**

**Appellee**

**From the 278th District Court
Walker County, Texas
Trial Court No. 23,349**

## MEMORANDUM  OPINION

Appellant Maurice Mitchell, a state prison inmate, sued the Texas Department of Criminal Justice, Institutional Division and several TDCJ officials and employees (Doug Dretke, director of TDJC's Institutional Division; Harman Weston, Jr., an assistant warden; and prison officers Dorthy Johnican and Angela Henderson) under the Texas Tort Claims Act for the loss and destruction of Mitchell's personal property.  The trial court dismissed Mitchell's suit as frivolous.  Mitchell now appeals.  We will affirm.

Mitchell's petition alleges that, on June 15, 2005, while he was leaving the TDCJ's

Darrington Unit to be transferred to the Ellis Unit, Johnican, whom Mitchell had had conflicts with and had filed grievances against, along with fellow officer Henderson, taunted Mitchell. Johnican called him a "smart ass nigger" and told him she would go to the property room and make sure Mitchell did not get his property. Mitchell sat on the ground in protest and demanded that ranking officials come to the scene. Weston and others arrived, and Mitchell complained to Weston that Johnican was going to retaliate against him by taking his property because he had filed grievances against her. As Johnican carried away Mitchell's property, Weston promised Mitchell that he would make sure Mitchell got all of his property.

When Mitchell's property arrived at the Ellis Unit and he received it on July 14, 2005, Mitchell's typewriter had been broken and rendered unusable, and his bag of commissary items and supplies and his fan were missing. Also missing was Mitchell's personal photo album with over 275 family photos. Mitchell alleges that Johnican, with Henderson's help, took or destroyed his property, and that Weston negligently trained or supervised them. Dretke is apparently only named as a nominal defendant because he was the director of TDJC's Institutional Division.

Mitchell's Step 1 grievance was received on July 19, and, dissatisfied with the response, he filed a Step 2 Grievance in October. The grievance response is dated November 2, 2005. Mitchell filed suit on February 6, 2009, and the trial court dismissed it as frivolous. Mitchell presents four issues on appeal: (1) whether the trial court abused its discretion in denying Mitchell's motion for default judgment, which occurred before the dismissal; (2) whether the trial court abused its discretion in dismissing

Mitchell's suit because notice of Chapter 14 was not posted in the prison; (3) whether the trial court abused its discretion in dismissing Mitchell's suit with prejudice; and (4) whether Mitchell has a right to re-file his suit if his suit should have been dismissed without prejudice.

Generally, the dismissal of inmate litigation under Chapter 14 is reviewed for abuse of discretion. *Brewer v. Simental,* 268 S.W.3d 763, 767 (Tex. App.—Waco 2008, no pet.). A prison inmate who files suit in a Texas state court pro se and who seeks to proceed *in forma pauperis* must comply with the procedural requirements set forth in Chapter 14 of the Civil Practice and Remedies Code. *Id.* (citing TEX. CIV. PRAC. & REM. CODE ANN. §§ 14.002(a), 14.004, 14.005 (Vernon 2002)). Failure to fulfill those procedural requirements will result in dismissal of an inmate's suit. *Id.*

Subsection 14.005(a) mandates that an inmate who files a claim subject to the TDCJ grievance system file an affidavit or unsworn declaration stating the date that his grievance was filed and the date that he received the written grievance decision. *Id.* at 768 (citing TEX. CIV. PRAC. & REM. CODE ANN. § 14.005(a)(1)). The section also mandates the filing of a copy of the written grievance decision. *Id.* (citing TEX. CIV. PRAC. & REM. CODE ANN. § 14.005(a)(2)). If an inmate does not strictly comply with subsection 14.005(a), a trial court does not abuse its discretion in dismissing the claim. *Id.*

Mitchell adequately pleaded that he had exhausted his administrative remedies through the prison grievance system. He also pleaded, and the Step 2 grievance shows, that the response was dated November 2, 2007. "A court shall dismiss a claim if the inmate fails to file the claim before the 31st day after the date the inmate receives the

written decision from the grievance system." TEX. CIV. PRAC. & REM. CODE ANN. § 14.005(b). Mitchell's suit was filed approximately ninety days later. It was thus untimely under subsection 14.005(b), and the trial court properly dismissed the suit.[1] *See id.; Wolf v. Texas Dep't Crim. Just., Inst. Div.,* 182 S.W.3d 449, 451 (Tex. App.—Texarkana 2006, pet. denied); *see also Walp v. Hunter,* No. 10-03-00019-CV, 2004 WL 444695 (Tex. App.—Waco Mar. 10, 2004, no pet.) (mem. op.). And because Mitchell cannot cure his untimely filing of suit, dismissal with prejudice was not error. *See, e.g., Wolf,* 182 S.W.3d at 450-51.

We overrule issues two, three, four, and given our disposition, we need not address issue one. TEX. R. APP. P. 47.1.

---

[1] Section 14.004 requires an inmate proceeding *in forma pauperis* to file an affidavit or unsworn declaration that specifically identifies all other pro se lawsuits brought by the inmate. TEX. CIV. PRAC. & REM. CODE ANN. § 14.004. A trial court may dismiss an inmate's claim as frivolous when the inmate fails to file such an affidavit or unsworn declaration. *See Thomas v. Skinner,* 54 S.W.3d 845, 847 (Tex. App.—Corpus Christi 2001, pet. denied). Mitchell filed his affidavit of previous filings three weeks after the trial court had dismissed his suit.

For the first time on appeal, Mitchell claims that he had no notice of section 14.004 and that the prison units he had been in had failed to post notice of it when it was enacted and until February 1, 2000, when he was released from Ad-Seg. Chapter 14's enacting legislation in 1995 required TDCJ to "post notice of the provisions of this Act in each law library maintained by the department or under contract with the department." *See* Act of May 19, 1995, 74th Leg., R.S., ch. 378, § 9, 1995 Tex. Gen. Laws 2921, 2926-27. Mitchell claims that he was unaware of section 14.004 until the Attorney General's office filed an amicus curiae motion to dismiss. However, Mitchell apparently was aware that, under Chapter 14, he was required to plead his exhaustion of the prison grievance system, and he does not explain how he was aware of section 14.005 but not section 14.004 or why he was unable to learn of section 14.004's existence after he was released from Ad-Seg in 2000. Regardless, pro se litigants are presumed to know the law and are charged with constructive knowledge of the law, irrespective of Chapter 14's enacting legislation's posting provision in 1995. *See Walp v. Hunter,* No. 10-03-00019-CV, 2004 WL 444695, at *2 (Tex. App.—Waco Mar. 10, 2004, no pet.) (mem. op.). In any event, because this lack-of-notice claim is being raised for the first time on appeal, Mitchell has not preserved it for appellate review. *See, e.g., Wilson v. TDCJ-ID,* 268 S.W.3d 756, 762 (Tex. App.—Waco 2008, no pet.). Finally, because Mitchell failed to timely file suit under section 14.005 and dismissal was proper on that basis alone, the alleged failure to post notice is harmless.

The trial court's dismissal order is affirmed.


REX D. DAVIS
Justice

Before Chief Justice Gray,
        Justice Reyna, and
        Justice Davis
Affirmed
Opinion delivered and filed September 15, 2010
[CV06]