02-11-350-CV









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-11-00350-CV

 

 


 
 
 Anthony Deshaun Johnson
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 Ronald S. Ivey (Lieutenant, Allred Unit High
 Security), Lawrence D. Zeisloft (Sargent, Allred Unit High Security), and
 Daniel A. Lakin (Correctional Officer, Allred Unit High Security)
 
 
  
 
 
 APPELLEES
 
 


 

----------

FROM THE 89th
District Court OF Wichita COUNTY

----------

MEMORANDUM
OPINION[1]

----------

I.  Introduction

Appellant
Anthony Deshaun Johnson, an inmate at the James V. Allred Unit of the
Texas Department of Criminal Justice (TDCJ), appeals the trial court’s
dismissal of his suit with prejudice.  He contends in three issues that the
trial court erred by (1) dismissing his suit for failure to exhaust
administrative remedies, (2) not conducting a hearing, and (3) dismissing
the suit with prejudice.  We affirm.

II.  Factual Background

This
appeal follows Johnson’s suit against several TDCJ employees in which he alleges
the employees have not honored his medical work restrictions.  Johnson wrote to
the Allred Unit Health Administrator on September 4, 2009, asking why he
was not being given medical accommodations for his back and wrist injuries. 
Johnson filed a Step 1 Grievance that same day, which stated as follows:

This grievance is
being f[]iled as a result of having reported ADA complaint matters to the
Allred Unit Senior Warden E. C. Williams[[2]]
and having submitted a Sick Call to have my injury evalua[t]ed and treated, as
well as be examined and issued appropriate medical restrictions to prevent
injury to others and myself where the Supervising Correctional Officer seem[s]
not to understand and adhere to compli[an]ce with the ADA in appropriately
accom[mo]dating me according to my disability which was timely and properly
declared upon entry.

 

Because of the
indifference and disregard of my disabled status and its interference with one
or more of life’s major functions and otherwise hinders and impedes my ability
to perform certain work functions wh[i]ch Security Staff use their authority to
have me compel to perform them anyway in spite of the risk to my physical
welfare and safety, as no restriction[s] are reflected on the work roster to
protect me from d[a]ngerous assignments.

 

And with this known I
seek the relief as hereinafter sought.

 

          . . .

 

I
seek to have my rights under the ADA fully adhered to and respected by the
Administration and Security.  For fa[i]ling to accom[mo]date my disability has
placed me at risk I do not wish to continue to face and be subjected to by
Security wh[ic]h uses their authority to intimidate and threaten me which I
seek to stop.  I further need med restriction change of work assignment.

TDCJ
investigated and responded to Johnson’s Step 1 Grievance on September 23,
2009.  The response stated:

The
investigation of this grievance is complete.  You were seen by the medical
department on 9-16-09, and restrictions of no lifting over 25 pounds, and
no bending at the waist, were added to your HSM-18.  However, you may still be
worked within your restrictions at the job assignment you are currently
assigned to.  This issue is resolved.  No further action is warranted.

On
October 1, 2009, Johnson filed a Step 2 Grievance, appealing the response
to his Step 1 Grievance.  He again asserted violations of his ADA rights
but added allegations of discrimination based on disability and race without
identifying dates of the alleged violations.  TDCJ responded to the Step 2
Grievance on December 2, 2009, stating that the Step 1 response was
appropriate.  TDCJ further added that Johnson’s health concerns had been
addressed by qualified health care providers both prior to and after the Step 1
Grievance.

Johnson
filed this lawsuit in January 2010, naming Appellees Ronald S. Ivey, Lawrence D.
Zeisloft, and Daniel A. Lakin as defendants.  Johnson alleged that
Appellees were aware of his “injuries, a[i]lments, and disabilities,” as well
as his medical restrictions, but compelled him to perform work assignments that
he should not have been compelled to perform.  Johnson specifically identified
work assignments that he was compelled to perform on September 20 and 29,
2009, and he alleged that Appellees were aware of his limitations before those
dates.  Johnson also contended that Appellees acted in a retaliatory and
discriminatory manner towards him after he submitted the grievance.  Johnson
asserted causes of action for discrimination based on race and disability,
denial of equal protection and his civil rights, and violations of the
Americans with Disabilities Act.

Ivey,
Zeisloft, and Lakin filed original and amended answers and a motion to dismiss
Johnson’s lawsuit as frivolous under civil practice and remedies code chapter fourteen,
and Johnson filed a response.  The trial court granted the motion to dismiss
without conducting a hearing and dismissed all claims with prejudice due to
Johnson’s failure to exhaust all administrative remedies.

III.  Chapter Fourteen of
the Texas Civil Practice and Remedies Code

Chapter
fourteen applies to this case and sets forth the procedural requirements an
inmate must satisfy when filing suit in a district court along with an unsworn
declaration of indigency.  Tex. Civ. Prac. & Rem. Code Ann. §§ 14.002,
.004 (West Supp. 2011), §§ 14.005–.006 (West 2002); see also Lilly
v. Northrep, 100 S.W.3d 335, 336 (Tex. App.—San Antonio 2002, pet.
denied).  If the inmate fails to comply with chapter fourteen’s requirements, the
suit will be dismissed.  Lilly, 100 S.W.3d at 336 (citing Bell v.
Tex. Dep’t of Criminal Justice–Institutional Div., 962 S.W.2d 156,
158 (Tex. App.—Houston [14th Dist.] 1998, pet. denied).  A trial court may
dismiss an inmate’s claim upon finding that a lawsuit is malicious or
frivolous.  Tex. Civ. Prac. & Rem. Code Ann. § 14.003 (West 2002).  In
making this determination, the court may consider whether:

(1) the claim’s
realistic chance of ultimate success is slight;

 

(2) the claim has no
arguable basis in law or in fact;

 

(3) it is clear that
the party cannot prove facts in support of the claim; or

 

(4) the claim is
substantially similar to a previous claim filed by the inmate because the claim
arises from the same operative facts.

Id. § 14.003(b).

IV.  Standard of Review

We
review a dismissal under chapter fourteen for an abuse of discretion.  Bishop
v. Lawson, 131 S.W.3d 571, 574 (Tex. App.—Fort Worth 2004, pet. denied). 
To determine whether a trial court abused its discretion, we must decide
whether the trial court acted without reference to any guiding rules or
principles; in other words, we must decide whether the act was arbitrary or
unreasonable.  Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238,
241–42 (Tex. 1985), cert. denied, 476 U.S. 1159 (1986).

When
an inmate’s lawsuit is dismissed as frivolous for having no basis in law or in
fact, but no fact hearing is held, our review focuses on whether the inmate’s
lawsuit has an arguable basis in law.  See Tex. Civ. Prac. & Rem.
Code Ann. § 14.003; Leachman v. Dretke, 261 S.W.3d 297, 304 (Tex.
App.—Fort Worth 2008, no pet.) (op. on reh’g).  A claim has no arguable basis
in law if the inmate has failed to exhaust his administrative remedies.  Retzlaff
v. Tex. Dep’t of Criminal Justice, 94 S.W.3d 650, 653 (Tex. App.—Houston
[14th Dist.] 2002, pet. denied).

V.  Analysis

Johnson
argues in three issues that the trial court abused its discretion in dismissing
his lawsuit with prejudice without first conducting a hearing.

A.  Failure to Exhaust Administrative
Remedies

In
his first issue, Johnson asserts that the trial court abused its discretion by
dismissing his lawsuit for failure to exhaust administrative remedies.

Chapter
fourteen requires that Johnson prove his compliance with grievance procedures
before seeking judicial review.  Tex. Civ. Prac. & Rem. Code Ann. § 14.005;
see Tex. Gov’t Code Ann. § 501.008(d) (West 2004); Smith v. Tex.
Dep’t of Criminal Justice–Institutional Div., 33 S.W.3d 338, 341 (Tex.
App.—Texarkana 2000, pet. denied).  Government code section 501.008(d) prevents
an inmate from filing a claim in state court “regarding operative facts for
which the grievance system provides the exclusive administrative remedy until”
the inmate receives a decision from the highest authority within the grievance
system or the 180th day after the grievance is filed if the inmate has not
received a response from the highest authority within the grievance system. 
Tex. Gov’t Code Ann. § 501.008(d).  “Allegations of reprisals by TDCJ
employees against inmates for filing grievances or lawsuits, or other inmate
complaints about TDCJ employee actions, are . . . subject
to the grievance procedure.”  Leachman, 261 S.W.3d at 308.

An
inmate fails to exhaust administrative remedies when the state court petition
is based on different operative facts than those alleged in the grievance.  See
Wolf v. Tex. Dep’t of Criminal Justice, Institutional Div., 182 S.W.3d 449,
451 (Tex. App.—Texarkana 2006, pet. denied) (“Wolf’s grievance does not address
the issues he brought in his civil petition, and we cannot say he either sought
or received a final administrative decision on those issues.”).  An inmate also
fails to exhaust administrative remedies by failing to identify in the
grievance the persons against whom the inmate is making a claim.  See
Leachman, 261 S.W.3d at 311 (noting that grievance did not mention two of
the appellees by name and holding that Leachman therefore failed to exhaust
administrative remedies as to those appellees); Riddle v. TDCJ-ID, No.
13-05-00054-CV, 2006 WL 328127, at *2 (Tex. App.—Corpus Christi Feb. 9, 2006,
pet. denied) (mem. op.) (“Riddle did not exhaust the grievance procedures for
those individuals named in the claim who were not named in his grievance.”).

The
trial court did not abuse its discretion by determining that Johnson failed to
exhaust his administrative remedies.  First, except for his ADA allegation,
Johnson’s Step 1 Grievance did not include factual assertions relating to
any other cause of action in his original petition.[3] 
See Wolf, 182 S.W.3d at 451.  Inmates are not required to identify
specific causes of action and should instead focus on identifying the operative
facts at issue, see Fernandez v. T.D.C.J., 341 S.W.3d 6, 12 (Tex.
App.—Waco 2010, no pet.), but Johnson’s Step 1 Grievance does not include
any factual assertions beyond a request for accommodation of his physical
limitations.  Second, Johnson also did not exhaust administrative remedies
concerning his ADA complaint because he did not identify any of the individual
appellees in the Step 1 Grievance.  See Leachman, 261 S.W.3d at 311
(holding Leachman did not exhaust administrative remedies as to appellees not
named in his grievance); Riddle, 2006 WL 328127, at *2 (same). 
Moreover, the operative facts alleged in Johnson’s original petition occurred
on September 20 and 29, 2009, when Lakin and Zeisloft allegedly compelled
him to perform work assignments that he should not have been compelled to
perform because of his medical restrictions.  Those alleged actions necessarily
occurred after Johnson filed his Step 1 Grievance on September 4,
2009, and could not have been part of the grievance.  See generally Wolf,
182 S.W.3d at 451 (noting difference between issues alleged in grievance and
original petition).

Thus,
the record does not establish that the trial court abused its discretion by
determining that Johnson did not exhaust his administrative remedies for all
causes of action alleged in his original petition.  See generally Champion
v. State, No. 12-11-00167-CV, 2012 WL 344415, at *2 (Tex. App.—Tyler Jan. 31,
2012, no pet.) (mem. op.) (“A trial court does not abuse its discretion if it
dismisses a lawsuit that does not include a showing that the inmate has
exhausted his administrative remedies or a showing that the lawsuit was filed
timely.”).  We therefore overrule Johnson’s first issue.

B. 
Failure to Hold Hearing

Johnson
contends in his second issue that the trial court should have conducted a
hearing on Appellee’s motion to dismiss because a hearing on the facts would
have allowed him to prove that he had in fact exhausted all administrative
remedies.  However, section 14.003(c) provides in relevant part that the trial
court “may hold a hearing.”  Tex. Civ. Prac. & Rem. Code Ann. § 14.003(c)
(emphasis added).  “The plain language of the statute indicates that the trial
court’s determination to hold a hearing on a chapter 14 motion to dismiss
is discretionary.”  Hamilton v. Pechacek, 319 S.W.3d 801, 808 (Tex.
App.—Fort Worth 2010, no pet.) (citation omitted).  Johnson argues that he
could have presented “off the record evidence” that he exhausted his
administrative remedies.  However, Johnson was given notice of the date that
Appellee’s motion to dismiss would be submitted without an evidentiary hearing,
and Johnson filed a written response to the motion.  Johnson could have
presented any additional evidence along with his response.  Thus, the record
does not support Johnson’s contention that the trial court abused its
discretion by not conducting an evidentiary hearing on Appellee’s motion to
dismiss.  We therefore overrule Johnson’s second issue.

C.  Dismissal
With Prejudice Proper

In his final issue, Johnson argues that the
trial court abused its discretion by dismissing his lawsuit with prejudice. 
When reviewing a dismissal with prejudice under chapter fourteen, we consider
whether the inmate could correct the error through a more specific pleading.  See
Hickman v. Adams, 35 S.W.3d 120, 124 (Tex. App.—Houston [14th Dist.]
2000, no pet.).  Dismissal with prejudice is improper only if the plaintiff’s
failure can be remedied.  Id.

Here,
Johnson’s error cannot be remedied.  An inmate has fifteen days after the date
of the complained-of incident to complete a Step 1 Grievance and forward
it to the unit grievance investigator.  Leachman, 261 S.W.3d at 310; Wolf,
182 S.W.3d at 450–51.  The incidents at issue in Johnson’s original petition occurred
on September 20 and 29, 2009.  Johnson must have then filed a Step 1
Grievance within fifteen days of those dates and prosecuted his grievance
through a decision by the highest authority within the grievance system, but he
failed to do so.  See Leachman, 261 S.W.3d at 310; Wolf, 182
S.W.3d at 450–51; see also Tex. Gov’t Code Ann. § 501.008(d); Tex.
Civ. Prac. & Rem. Code Ann. § 14.005.  Johnson cannot therefore cure
his failure to exhaust the available administrative remedies by pleading
amendment, and the trial court did not abuse its discretion by dismissing his
lawsuit with prejudice.  We overrule Johnson’s third issue.

VI. 
Conclusion

          Having
overruled each of Johnson’s three issues, we affirm the trial court’s order of
dismissal and final judgment.

 

 

 

ANNE GARDNER
JUSTICE

 

PANEL:  GARDNER, WALKER, and MEIER, JJ.

 

DELIVERED: 
June 7, 2012









[1]See Tex. R. App. P. 47.4.





[2]Williams is not a party to
this appeal.





[3]Attached to Johnson’s
appellate brief is an additional Step 1 Grievance that he later filed on
October 9, 2009.  That grievance form, however, was not presented to the
trial court and is not part of the appellate record.  See Tex. R. App.
P. 34.1 (providing that the appellate record consists of the clerk’s
record and, when necessary, the reporter’s record).  We are thus precluded from
considering it.  See Walp v. Williams, 330 S.W.3d 404, 407–08 (Tex.
App.—Fort Worth 2010, no pet.).