

# IN THE
# TENTH COURT OF APPEALS

_____

## No. 10-12-00065-CV

_____

**MARK WALTERS,**

**Appellant**

 **v.**

**BRAD LIVINGSTON AND TEXAS
DEPARTMENT OF CRIMINAL JUSTICE,**

**Appellees**

_____

### From the 12th District Court
### Walker County, Texas
### Trial Court No. 25,548

_____

## MEMORANDUM  OPINION

_____

Mark Walters, a prison inmate, appeals from the trial court's dismissal of his civil

lawsuit.  Because we find the trial court did not abuse its discretion in dismissing

Walters' suit with prejudice, the trial court's judgment is affirmed.

#### BRAD LIVINGSTON

At the outset, we must determine whether Brad Livingston, the Director of the

Texas Department of Criminal Justice, is a party to this appeal.

Although styled against the Texas Department of Criminal Justice, Walters initially brought suit against Brad Livingston, in both Livingston's individual and official capacity, for the elimination of Project Rio, a re-entry and re-integration program for inmates. After the Attorney General filed a motion to dismiss Walters' suit, Walters specifically dropped Livingston from the suit and, by an amended petition Walters styled as a supplemental petition filed with the trial court clerk, substituted in the Texas Department of Criminal Justice as the defendant. He explained to the trial court, in a document in the clerk's record which appears to be a cover letter to the amended petition, that his action was deliberate and pursuant to the election of remedies provision in section 101.106 of the Texas Civil Practice and Remedies Code. TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(f) (West 2011) ("On the employee's motion, the suit against the employee shall be dismissed unless the plaintiff files amended pleadings dismissing the employee and naming the governmental unit as defendant on or before the 30th day after the date the motion is filed."). The document signed by Walters and addressed to the trial court states in relevant part:

> I am filing a Second Supplimental [sic] Petition re: cause number 25,584, as an appropriate response to the defendants [sic] motion to dismiss: Amicus Curiae.

> According to the Civil Practices [sic] and Remedies, Governmental Liabilities § 101.106(f), I have 30 days after a motion to dismiss is filed to Amend my pleadings dismissing an employee as defendant and naming the governmental unit as defendant.

As my accompanying affidavit states, I did not receive the motion to dismiss until June 1, 2011….

Walters' accompanying affidavit provides in relevant part:

In support of the Amicus Curiae, the Plaintiff is filing a second supplimental [sic] petition, in accordance with V. T. C. A. Civil Practices [sic] and Remedies § 101.106(f) which states that within 30 days of a defendants [sic] motion for dismissal, a plaintiff can file an amended pleadings dismissing an employee and naming a governmental unit as defendant.

Thus, as of June 3, 2011, pursuant to Walters' "Second Supplemental Petition," Livingston was no longer a party to Walters' suit.

Walters amended his lawsuit a third time but did not include Livingston as a defendant, which would have been pointless given Walters' earlier decision. The trial court ultimately dismissed Walters' suit against TDCJ. The order of dismissal made no mention of Livingston because Livingston was no longer a party to the proceeding.

By his notice of appeal, Walters named only Livingston as the appellee or other party to the appeal and did not identify or name TDCJ. Rule 25.1(b) of the Texas Rules of Appellate Procedure provides that the filing of a notice of appeal invokes our jurisdiction over all parties to the trial court's judgment or order appealed from. TEX. R. APP. P. 25.1(b). We have no order or judgment from the trial court regarding Livingston. Thus, Livingston is not a party to the appeal, and we have no jurisdiction over Livingston in this appeal. *See* TEX. R. APP. P. 25.1(b); *Avila v. Lone Star Radiology*, 183 S.W.3d 814, 818 (Tex. App. Waco 2005) (Gray, C.J., dissenting) ("A notice of appeal,

however, does not invoke our jurisdiction over persons who were not parties in the trial court.").

The Attorney General raised the issue regarding the proper party against whom Walters brought his suit. Walters responded in his reply brief that naming TDCJ as the defendant in his pleading was a misnomer. His response is contrary to the record and to his election of remedies. Thus, because we have no jurisdiction over Livingston, an appeal, if any, as to Livingston is dismissed. *See* TEX. R. APP. P. 42.3(a).

## ISSUES ON APPEAL

In his first issue, Walters contends the trial court erred in dismissing Walters' suit because: 1) constitutional violations by Livingston allowed Walters to bring a cause of action; 2) Livingston failed to list Project Rio as an encumbrance; 3) Livingston did not adhere to the Texas Open Meetings Act; and 4) Livingston is not entitled to either sovereign immunity or official immunity. This issue questions only the acts or omission of Brad Livingston. As we have held, Livingston is not a party to this appeal; and any appeal as to him has been dismissed. Because Livingston is not a party to the appeal, Walters' first issue is overruled.

In his second issue, Walters contends the trial court abused its discretion in dismissing his suit as frivolous because 1) he was either not required to comply with the grievance procedures or, alternatively, did comply with the procedures, and 2) his claims had an arguable basis in law. We review the trial court's dismissal of an *in forma*

*pauperis* suit filed by an inmate under an abuse of discretion standard. *Hickson v. Moya*, 926 S.W.2d 397, 398 (Tex. App.—Waco 1996, no writ).

An inmate may not file a claim in state court regarding operative facts for which the TDCJ grievance system provides the exclusive administrative remedy until the inmate receives a written decision issued by the highest authority provided for in the grievance system, or the 180th day after the date the grievance is filed, if the inmate has not received a written decision. TEX. GOV'T CODE ANN. § 501.008(d) (West 2012). An inmate who files a claim that is subject to the prison grievance system must also file an affidavit or unsworn declaration stating the date the grievance was filed and the date the written decision was received by the inmate *and* a copy of the written decision from the grievance system. TEX. CIV. PRAC. & REM. CODE ANN. § 14.005(a) (West 2002). If an inmate does not comply with § 14.005(a) or fails to file his claim within 31 days after the date the inmate receives the written decision from the grievance system, the inmate's suit must be dismissed. *See id*. (b); *Leachman v. Dretke*, 261 S.W.3d 297, 311 (Tex. App.—Fort Worth 2008, no pet.) (op'n on rhg). Exhaustion of these administrative remedies requires the *proper* exhaustion of the remedies. *Leachman*, 261 S.W.3d at 311; *see Retzlaff v. Tex. Dep't of Crim. Justice*, 94 S.W.3d 650, 654 (Tex. App.—Houston [14th Dist.] 2002, pet. denied). Further, if an inmate has failed to exhaust his administrative remedies, his claim has no arguable basis in law, and is, therefore, frivolous. TEX. CIV. PRAC. & REM. CODE ANN. § 14.003 (West 2002); *Retzlaff*, 94 S.W.3d at 653.

Initially, Walters argues he was not required to comply with the grievance procedures because Project Rio is a statute which was violated and which is "non-grievable" under TDCJ policy. He bases this conclusion on language in TDCJ's Offender Orientation Handbook which provides an inmate may not "grieve" state or federal court decisions, *laws*, or regulations. *Offender Orientation Handbook* at pg.53, http://www.tdcj.state.tx.us/documents/Offender_Orientation_Handbook_English.pdf) (emphasis added). But Walters is not complaining *about* a state law, that is, that the law is invalid; he is complaining about the cessation of a state program. He contends the cessation violates a state law. We do not believe that TDCJ intended this type of claim made by Walters to be exempt from the grievance procedures under the provision cited by Walters of the Offender Orientation Handbook. Raising such a claim in a grievance procedure would give TDCJ an opportunity to correct a violation, if any, that it made in the cessation of the program.[1] *See Leachman*, 261 S.W.3d at 309 (citing *Woodford v. Ngo*, 548 U.S. 81, 83-84, 126 S. Ct. 2378, 2382, 165 L. Ed. 2d 368 (2006)) (discussing the reasoning for the need for the exhaustion of administrative remedies prior to an inmate filing suit); *Whirty v. Grimes*, Nos. 07-08-0394-CV & 07-09-0111-CR, 2009 Tex. App. LEXIS 2535, *5 (Tex. App.—Amarillo Apr. 14, 2009, pet. denied) (mem. op.). Walters cannot side step the grievance procedures by re-characterizing his claim as one not covered by the procedures. *See Whirty*, 2009 Tex. App. LEXIS 2535, *9 ("Couching the

---

[1] We do not hold that there was a violation in ceasing the program.

claim as one in tort for damages does not remove it from the exhaustion requirement of chapter 14."). Accordingly, we hold Walters was required to comply with TDCJ's grievance procedures.

Alternatively, Walters contends that if he was required to comply, he actually complied with the grievance procedure and exhausted his administrative remedies. We find he did not.

Walters attached Step 1 and Step 2 grievance forms to his original petition; however, his complaints in those grievance forms do not comport with his claims in his suit. In his grievance, Walters complains about not receiving a certificate of on-the-job-training through Project Rio when he had qualified to receive one. Walters' grievance does not address the issues he brought in his civil suit; and, thus, we cannot say he either sought or received a final administrative decision on those issues. *See Wolf v. Tex. Dep't of Crim. Justice*, 182 S.W.3d 449, 451 (Tex. App.—Texarkana 2006, pet. denied); *Williams v. Ballard*, No. 10-08-00378-CV, 2009 Tex. App. LEXIS 9246 (Tex. App.—Waco Dec. 2, 2009). Further, Walters did not attach an affidavit or unsworn declaration stating the date that the grievance was filed and the date the written decision was received by him. TEX. CIV. PRAC. & REM. CODE ANN. § 14.005(a)(1) (West 2002). The Step 2 grievance form does not show when he received this final decision. Thus, Walters did not provide the trial court with the information required so it could determine whether the lawsuit was timely filed; and, given that over two months had

elapsed between the time the Step 2 grievance form as signed by a TDCJ agent and the time Walters filed his lawsuit, it is entirely reasonable for the trial court to conclude that over thirty-one days had elapsed since Walters was informed of the final administrative decision. *See Wolf*, 182 S.W.3d at 451.

Walters failed to properly exhaust his administrative remedies, and as such, raising his claim by bringing suit against TDCJ had no arguable basis in law. Accordingly, the trial court did not abuse its discretion in dismissing Walters' suit as frivolous. Walters' second issue is overruled.

In his third issue, Walters contends the trial court abused its discretion in not issuing findings of fact and conclusions of law. Pursuant to Rules 296 and 297 of the Texas Rules of Civil Procedure, a trial judge must, when properly requested, prepare findings of fact in cases *tried* in the district court or county court without a jury. *See* TEX. R. CIV. P. 296, 297. Those rules, however, do not impose any duty on the trial court to file findings of fact or conclusions of law where there has been no trial as in this case. *Kendrick v. Lynaugh*, 804 S.W.2d 153, 156 (Tex. App.—Houston [14 Dist.] 1990, no pet.); *Smith v. Quada*, No. 10-09-00414-CV, 2011 Tex. App. LEXIS 5122, *5-6 (Tex. App.—Waco July 6, 2011, pet. denied) (mem. op.). Walters' third issue is overruled.

In his fourth and last issue, Walters complains that the trial court abused its discretion in dismissing Walters' case with prejudice. A motion to dismiss that is granted pursuant to section 14.003 for failure to establish an arguable basis in law is

appropriately dismissed with prejudice. *Nabelek v. DA of Harris County*, 290 S.W.3d 222, 233 (Tex. App.—Houston [14th Dist.] 2005, pet. denied); *Williams v. Ballard*, No. 10-08-00378-CV, 2009 Tex. App. LEXIS 9246, *4 (Tex. App.—Waco Dec. 2, 2009, no pet.). We have already determined Walters' claims had no arguable basis in law. Thus, the trial court did not abuse its discretion in dismissing Walters' suit with prejudice. Walters' fourth issue is overruled.

## CONCLUSION

Having overruled each of Walters' issues on appeal, we affirm the trial court's judgment.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins
Appeal dismissed in part and affirmed in part
Opinion delivered and filed November 1, 2012
[CV06]